**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LITTLE BEND RIVER COMPANY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | | CA 05-0450-C |
| | : | |
| MOLPUS TIMBERLANDS MANAGEMENT, L.L.C., et al., | : | |
| | : | |
| Defendants. | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on plaintiff's motion to remand (Doc. 5), the removing defendants' response to the remand motion (Doc. 10), and the plaintiff's submission of the supplemental affidavit of Frank L. Dickey (Doc. 15). The parties have implicitly consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings, including disposition of the motion to remand. (Doc. 6 ("Should the parties[] choose not to request reassignment prior to **September 26, 2005**, the undersigned will find implicit consent[.]"); *see also* Doc. 6, Attachments, Request for Reassignment

Form and Consent Form))[1] Upon consideration of the contents of the parties'
submissions, the Court **GRANTS** the motion to remand (Doc. 5) and **ORDERS**
that this case be **REMANDED** to the Circuit Court of Washington County,
Alabama from whence it came.

### FINDINGS OF FACT

1.      On December 11, 2003, Little Bend Timber Company, Inc.
(hereinafter, "Little Bend Timber") filed a two-count complaint against the
defendants in the Circuit Court of Washington County, Alabama arising out of
the plaintiff's January 21, 2003 purchase of some 200,000 loblolly pine
seedlings from the defendants. (Doc. 1, Exhibit A, COMPLAINT) In the *ad
damnum* clauses of both counts, plaintiff demanded "judgment against the
defendants, jointly and severally, in the sum of $69,000.00, interest and costs."
(*Id*. at 3 & 4)

2.      On July 13, 2005, plaintiff's counsel, C. Robert Montgomery,
Esquire, informed the defendants' attorney, Jannea S. Rogers, Esquire, that

---

[1]      Because neither party requested reassignment on or before September 26, 2005 (*see*
Case Action Summary Sheet), the undersigned infers implicit consent. *See Roell v. Withrow*, 538 U.S.
580, 590, 123 S.Ct. 1696, 1703, 155 L.Ed.2d 775 (2003) ("We think the better rule is to accept
implied consent where, as here, the litigant or counsel was made aware of the need for consent and the
right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring
consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury
of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served;
the Article III right is substantially honored.").

plaintiff was willing to settle its claims "for the sum of $101,939.15." (Doc. 1, Exhibit H) Plaintiff's counsel attached to this letter the calculations used to arrive at the settlement demand of $101,939.15. (*See id*.)

3.    On August 3, 2005, defendants filed their notice of removal pursuant to the second paragraph of 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."), and alleged therein that this Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4.    Plaintiff filed its motion to remand on August 26, 2005. (Doc. 5) Attached to the motion to remand is the affidavit of Frank L. Dickey, the president of Little Bend Timber. (*Id*., Exhibit A) Subsequently, plaintiff filed a supplemental affidavit executed by Mr. Dickey. (Doc. 15) Read together, these affidavits   establish plaintiff's stipulation that it will neither seek nor accept more than $75,000, exclusive of interest and costs, even should a jury verdict exceed that amount. (Doc. 5, Exhibit A & Doc. 15)

## CONCLUSIONS OF LAW

1.      "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), citing 28 U.S.C. § 1441(a), *abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).   Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.    28 U.S.C. § 1332(a)(1).   However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

2.      "[T]he removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *Tapscott, supra,* 77 F.3d at 1356 ("A removing defendant has the burden of proving the existence of federal jurisdiction.").   Therefore, in this case, the burden is on the removing defendants to establish complete diversity, that is, the plaintiff is diverse from every

4

defendant, *Triggs, supra*, 154 F.3d at 1287 (citation omitted), and, in addition, to establish to a legal certainty that the amount in controversy exceeds the $75,000 jurisdictional requirement, *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *id.* at 1097 ("We conclude that because plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below $50,000.").

> Adopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000. The standard is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue.

*Id.* at 1096 (internal citation omitted).   In other words, as stated in *Lindsay v. American General Life & Accident Ins. Co.*, 133 F.Supp.2d 1271, 1274 (N.D.Ala. 2001) (citation omitted), "[b]ecause the amount claimed in a plaintiff's complaint is entitled to deference, a removing defendant is required to prove that, 'if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000].'"

5

3.    The removing defendants' burden in a case such as this one is stringent both because "[f]ederal courts are courts of limited jurisdiction[]" and because "plaintiff is still the master of his own claim." *Burns, supra,* 31 F.3d at 1095 (citations omitted).

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Id*. (citations omitted).

4.    "'The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith."'" *Lindsay, supra*, 133 F.Supp.2d at 1275, quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961).   The defendants suggest in the removal petition that the amount claimed in the instant complaint was not claimed in good faith in light of the $101,939.15 settlement demand made by plaintiff's counsel on July 13, 2005.   As explained in *Lindsay*, however, "the legal certainty test is unconcerned with the subjective intent of Plaintiff or his counsel, except insofar as it can be objectively shown that Plaintiff must recover an amount above $75,000, exclusive of interest or costs,

if he prevails on his claims." 133 F.Supp.2d at 1278; *see id*. at 1276 ("In its first three requests for admissions, American General would seek to have Plaintiff admit that he does not and will not seek or accept any damages in excess of the jurisdictional amount. However, the Court has already explained above that even if Plaintiff were to refuse to make such stipulations, that is not sufficient for American General to meet its burden under *Burns*. In other words, American General is 'barking up the wrong tree' by asking for such admissions."). Moreover, in light of plaintiff's post-removal stipulation that it will neither seek nor accept more than $75,000.00 even if the jury verdict exceeds that amount,[2]

_____

[2]    It is the general rule in this circuit that if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent actions do not divest the court of its jurisdiction over the action. *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-1291 (11th Cir. 2000); *see also Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper at [the] date [of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *see Tapscott, supra*, 77 F.3d at 1359 n.15 ("'[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached[.]'"). However, district courts in the Eleventh Circuit characterize a post-removal amount-in-controversy stipulation as a clarification permitted by *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), rather than an amendment or post-removal action forbidden by the Supreme Court in *St. Paul. See Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1301 (M.D.Ala. 2001) ("Initially, the court stresses that *St. Paul* did not hold that post-removal stipulations are unallowable *per se*. . . . A crucial fact in both *St. Paul* and *Kanouse* is that the plaintiffs acknowledged that their complaints triggered the amount in controversy at the moment of removal. In this case, on the other hand, Plaintiffs have submitted affidavits bearing on their initial demand and showing that federal jurisdiction has never properly attached. . . . There is a difference, of course, between a court's choice to divest itself of jurisdiction and its finding that it lacks jurisdiction. No controlling precedent requires the court to retain jurisdiction despite Plaintiff's explicit assurance that his Complaint proves that he 'does not desire to try

the Court finds that the removing defendants have not satisfied their burden of establishing to a legal certainty that plaintiff's claims "would not yield a recovery less than the jurisdictional amount." *Moss, supra*, 43 F.Supp.2d at 1301.[3]

     5.    In light of the foregoing, this case is due to be remanded to the Circuit Court of Washington County, Alabama. While the undersigned acknowledges that it, like the *Brooks* court, has no reason to call into question the integrity of plaintiff's damages stipulation, should plaintiff disregard its demand "and pursue or accept damages in excess of $75,000, then upon motion by opposing counsel, sanctions will be swift in coming and painful upon arrival." 153 F.Supp.2d at 1302 (citation omitted).

---

his case in the federal court.'"); *Moss v. Voyager Ins. Cos.*, 43 F.Supp.2d 1298, 1303 (M.D. Ala. 1999) ("[T]he court finds that Plaintiff's Stipulation clarifies the Complaint by identifying that the amount in controversy will not be in excess of $75,000. In so doing, 'the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal.' . . . Accordingly, the court finds that Plaintiff's Stipulation may be considered in deciding whether to remand Plaintiff's case."); *cf. Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*, that 'under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'").

    [3]    In light of the parties' focus in this case on the amount in controversy requirement of 28 U.S.C. § 1332(a), this Court does not address the rather interesting question of whether the defendants' removal of this action was timely under 1446(b).

## <u>CONCLUSION</u>

Plaintiff's motion to remand this case to the Circuit Court of Washington County, Alabama (Doc. 5) is **GRANTED**.

**DONE** and **ORDERED** this the 2nd day of November, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**